IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN GARFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 14–cv–0937–MJR–SCW |
| vs. | ) |
| | ) |
| DENNIS FURLONG, | ) |
| NICK NELLEY, and | ) |
| DR. LARSON | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

*Pro se* Plaintiff John Garfield is currently incarcerated at Dixon Correctional Center in the Illinois Department of Corrections (IDOC). This § 1983 civil rights case stems from allegations that Plaintiff needed dental care, which was delayed and then subsequently poorly performed. (Doc. 1). He also alleges his follow-up care was insufficient. (Doc. 1). The case comes before the Court on Plaintiff's motions to appoint counsel. (Doc. 3) (Doc. 30).

As a litigant in a civil case, Plaintiff has no right to counsel. **Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).** However, this Court has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. **Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).** Determining whether to appoint counsel is a two-step inquiry. **Pruitt, 503 F.3d at 655.** The threshold is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. **Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010).** Only if the threshold has been met will the Court consider the second prong, whether the plaintiff appears competent to litigate the case given its difficulty. **Pruitt, 503 F.3d at 655.**

Plaintiff's first Motion to Appoint Counsel included letters from several attorneys rejecting his case. Plaintiff also submitted his mail log showing that he had sent correspondence to various attorneys in the months leading up to filing this case. On this record, the Court finds that Plaintiff has met the threshold attempt of making a reasonable attempt to recruit counsel. Plaintiff need not submit any more evidence on this point.

However, Plaintiff is competent to represent himself at this time. He has adequately expressed the factual and legal bases for his claims. **See Pruitt, 503 F.3d at 655 (quoting Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) (If the test were whether a good lawyer would have done better than a *pro se* plaintiff, "judges would be required to request counsel for every indigent litigant")**. Plaintiff's deliberate indifference claims stem in a large part on the delays in receiving care that he experienced. This is the kind of straightforward issue that a pro-se litigant can manage. The case is still in discovery and dispositive motions are not due until May 2016. Although one discovery dispute has been brought to the Court's attention, it was quickly resolved and the parties have not raised other issues. At this time, the Court finds that the case does not exceed Plaintiff's abilities. Managing a case such as this may become more challenging as it progresses to trial, but at the present time Garfield is competent to litigate his case. Should the case increase in complexity as it advances to trial, or should discovery prove overly burdensome, the Court will be willing to revisit appointment of counsel at that time. But for now, the plaintiff's motions to appoint counsel (Doc. 3) (Doc. 30) are **DENIED without prejudice**.

**IT IS SO ORDERED.**
**DATE: March 30, 2015**                    /s/ *Stephen C. Williams*
                                            **STEPHEN C. WILLIAMS**
                                            United States Magistrate Judge